## STOCKWELL v. WASHBURN.

(Albany County Court. June 17, 1908.)

1. VENDOR AND PURCHASER—CONTRACT—BREACH—RECOVERY OF POSSESSION BY VENDOR—STATUTES—"INTRUDED INTO"—"SQUATTED UPON."

Code Civ. Proc. § 2232, subd. 4, authorizes the maintenance of summary proceedings to recover possession of real property where the defendant had "intruded into" or "squatted upon" any real property without permission of the person entitled to possession thereof, etc. Held, that the words "intruded into" or "squatted upon" in such section refer to the original entry, and do not include an entry by a vendee under contract of sale.

2. SAME—"PERMISSION."

Code Civ. Proc. § 2232, subd. 4, authorizes summary proceedings to recover real property against a person who has "intruded into" or "squatted upon" real property, and has so continued without permission from the person entitled to possession, or after permission given by him has been revoked by notice. Held, that the word "permission," as used in the latter part of such subdivision, had reference to permission given to a person to occupy the premises after such person had intruded into or squatted on the same, and not to permission given to a vendee to occupy the premises under a contract of sale.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, pp. 5315–5318; vol. 8, p. 7752.]

3. SAME—VENDEE—NATURE OF INTEREST—BREACH OF CONTRACT—NOTICE TO QUIT.

A vendee in possession after breach of his contract is not a mere licensee, whose right to possession may be terminated on notice by the vendor.

4. SAME—RECOVERY OF POSSESSION—REMEDIES.

A vendee in possession after breach of contract and notice to quit can be ousted only by action, and not by summary proceedings to recover real property under Code Civ. Proc. § 2232, subd. 4, authorizing such proceedings against a person who has "intruded into" or "squatted upon" real property without the permission of the person entitled to possession, or after a permission given by the person entitled to such possession has been revoked and notice of revocation given.

5. LANDLORD AND TENANT—CREATION OF RELATION—OPERATION OF LAW.

    The relation of landlord and tenant cannot be created by operation of law.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 17–23.]

Summary proceeding to recover possession of land by Ulysses G. Stockwell against Lucius H. Washburn. On motion to dismiss. Granted.

Joseph A. Lawson, for owner.

Lucius H. Washburn, in pro. per. (Danforth E. Ainsworth, of of counsel), for occupant.

ADDINGTON, J. The proceeding is brought under section 2232 of the Code of Civil Procedure, and particularly under subdivision 4 thereof, which reads as follows:

    "4. Where he, or the person to whom he has succeeded, has intruded into, or squatted upon, any real property, without the permission of the person entitled to the possession thereof, and the occupancy, thus commenced, has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

The defendant moves to dismiss the proceeding on the grounds that it is not shown in the petition that the conventional relation of landlord and tenant exists between the parties to the proceeding, and that there is no allegation in the petition that brings this proceeding within any of the additional conditions enumerated in section 2232 of the Code of Civil Procedure, as that where summary proceedings may be instituted in cases other than where the case of landlord and tenant exists. The petitioner alleges that he is the owner in fee simple of the property and premises No. 874 Lancaster street, in the city of Albany, N. Y.; that on the 31st day of January, 1907, the parties to this proceeding entered into a written agreement in and by which the defendant agreed to purchase said property for $5,500 under the following terms: To pay $508 on the execution of the agreement; to assume a mortgage on the property of $3,000; to assume the payment of an assessment of $192 for the improvement of Lancaster street, and a balance of $1,800, $75 thereof to be paid on the 1st day of July, 1907, together with interest on said $1,800 to that day, April 1, 1907; and thereafter $75 on the 1st day of each October, January, April, and July, together with interest on the unpaid balance of said $1,800, until said $1,800 was fully paid.

The petitioner further alleges:

    "That in and by said agreement your petitioner gave to said Lucius H. Washburn permission to occupy and have possession of the premises herein described from and after April 1, 1907, upon condition that said Lucius H. Washburn should keep the same free and clear from all taxes and assessments, and expenses or liens for betterments thereof, and keep the same insured for the protection of said $3,000 mortgage and said Ulysses G. Stockwell."

It is further alleged in the petition that said Washburn paid the $508 as provided in the agreement, and entered into the possession

and occupancy of the premises April 1, 1907, and still continues in the possession thereof, and that in all other respects the defendant failed to comply with the terms of the agreement, and to make the payments provided for therein. The petition further alleges that on the 2d day of May, 1908, the following notice was served upon the defendant:

"Take notice that you and all persons occupying the premises No. 874 Lancaster street, in the city of Albany, N. Y., are required to quit the same by the fourteenth day of May, 1908, and that the permission heretofore given by me to you to possess the same premises is hereby revoked, countermanded, and determined."

These proceedings are sought to be maintained by the petitioner on the ground that the defendant neglected to vacate said premises in pursuance of the above notice, but continues in the possession thereof after default in the payment of the sums of money covenanted to be paid by him, and that, therefore, he is a squatter within the meaning of subdivision 4 of section 2232 of the Code of Civil Procedure. There is no question but that the defendant obtained possession and entered upon the occupancy of the premises in a lawful manner, and under the terms of the agreement as set forth in the petition. It is not claimed that he intruded into or squatted upon the premises. The petitioner, however, claims that under the agreement the defendant had a mere naked permission to occupy the premises, subject to his rights to revoke that permission on the failure of the defendant to perform the covenants of the agreement on his part; and, upon such failure, the defendant after notice of revocation of the permission became a squatter, and that these proceedings will lie against him. Even if this was a fair construction of subdivision 4 of section 2232 of the Code of Civil Procedure, I do not think that summary proceedings can be maintained against the occupant, but that the owner must resort to other remedies for any alleged breach of the covenants by the defendant. The words "intruded into" or "squatted upon" in subdivision 4, refer to an original entry in the premises; and it seems clear that the word "permission," as used in the latter portion of said subdivision, has reference to permission given to a person to occupy the premises after such person has "intruded into" or "squatted upon" the same. This construction of subdivision 4 is to some extent inferred in the case of O'Donnell v. McIntyre, 41 Hun, 100, in which the court say:

"The only question to be determined is: Did the respondent gain possession of the premises as an intruder within the meaning of that term as the same is used in said section."

If the construction placed on subdivision 4 is proper, it is evident that the petition does not state facts sufficient to maintain summary proceedings, and it is therefore unnecessary to consider the contention of the petitioner, namely, that the defendant is a licensee, and on the revocation of the license for a violation by him of the covenants of the agreement and upon notice served the defendant became a squatter, and, therefore, these proceedings can be maintained. The defendant's right of possession must be considered in connection with all of his

other rights in the premises under the agreement. 3 McAdam on Landlord and Tenant, p. 258, says:

"When one person by a contract in writing agrees to convey to another a piece of real estate, the relation of vendor and vendee is formed. The relation is one peculiar to itself, and so are its concomitants. Where the vendor is in possession, and, after delivering the deed, refuses to surrender, or the vendee is in possession and refuses to consummate the purchase, the remedy open to the aggrieved party is not by summary proceedings, but by ejectment; the relation existing between the parties not being that of landlord and tenant."

He is not a mere licensee as claimed by the petitioner. He has greater rights under his agreement. He is the equitable owner of the premises. See Williams v. Haddock, 145 N. Y. 144, 39 N. E. 825; Hathaway v. Payne, 34 N. Y. 103. In the latter case the court say:

"It is now too well established to be questioned that the interest of a vendee in such case in the contract is real estate, and in case of his death, it descends to his heirs, and not to his executors or administrators; and it is devisable as real estate. The vendor in such case is deemed in equity to be the trustee for the vendee of the title, and the vendee is the trustee of the vendor for the purchase money. The money due on the contract is treated as personal estate of the vendor; and, in case of his death, it goes to the executors or administrators of the vendor, and does not descend to the heir, and every subsequent purchaser from either, with notice, becomes subject to the same equities as the party would be from whom he purchased."

The agreement must be read in its entirety, and separate actions or proceedings cannot be instituted by either party for the violation of the different covenants. The relation of landlord and tenant cannot be created by operation of law. It is not within the jurisdiction of this court under the statute in question to determine whether the defendant violated any of the covenants of the agreement, and thus declare him a squatter and uphold these proceedings.

Even though the possession of the defendant is a license, the petitioner has no legal right to say he countermands, determines, or revokes it; and, even though he had that power, he could not maintain these proceedings, as the defendant would not be a squatter as contemplated by subdivision 4 of section 2232 of the Code of Civil Procedure. It seems clear that the possession or license, or whatever the defendant's right to possession of the premises may be called, can only be litigated, and his rights countermanded, determined, and revoked under this agreement in an action. The cases cited by the petitioner—Dolittle v. Eddy, 7 Barb. 76; Jackson v. Miller, 7 Cow. 746—are not contrary to this contention.

The motion of the defendant is granted, and the proceedings are dismissed, with costs to the defendant.