ABRAHAM L. ROSENZWEIG, Plaintiff, *v.* GUSSIE PORTNOY, Defendant.

(Municipal Court of the City of New York, Borough of The Bronx, Second District, November, 1921.)

Landlord and tenant — summary proceedings — ejectment — jurisdiction — when summary proceedings cannot be maintained — Code Civ. Pro. § 2232 — Civil Practice Act, § 1411(4).

It is essential to the maintenance of summary proceedings instituted under section 2232 of the Code of Civil Procedure, now section 1411(4) of the Civil Practice Act, that the one sought to be removed has "intruded into" or "squatted upon" the premises, and has continued to occupy the same without permission which if ever granted has been revoked upon notice to the intruder or squatter.

Defendant was given permission to occupy plaintiff's residence and use the furniture as a guest during plaintiff's absence upon condition that he would vacate the premises at any time upon the request of plaintiff. Defendant occupied the premises for several months, and notwithstanding the fact that plaintiff thereafter revoked the permission given, continues in

occupancy of the premises though ten days prior to the institution of the proceedings, notice to quit had been served upon him. *Held,* that a motion to dismiss the proceeding instituted under section 1411(4) of the Civil Practice Act, on the ground that the petition was jurisdictionally defective, will be granted and plaintiff remitted to an action of ejectment.

MOTION to dismiss summary proceedings.

Vincent Lippe, for plaintiff.

Samuel M. Newman, for defendant.

ROBITZEK, J.    The plaintiff alleges that he is the lessee of an apartment in premises 1804 Washington avenue, Bronx, and that the premises were the home and residence of the plaintiff and on March 5, 1921, he permitted the defendant to use his furniture and to occupy the said premises as his guest during his absence, upon condition that said defendant would vacate said premises at any time upon the request of the plaintiff.    That defendant entered into occupancy of the same and that on September 5, 1921, the plaintiff revoked the permission given but that the defendant continues in occupancy and that defendant is now an intruder and a squatter of this apartment and that plaintiff is being forcibly kept out of the possession of his home and residence.    That ten days prior to the commencement of these proceedings a notice to quit and vacate the premises was served upon this defendant.

The defendant moves to dismiss the proceedings on the ground that the petition is jurisdictionally defective.

The Civil Practice Act has furnished a simple and inexpensive mode of ridding property of squatters by removal under summary remedy previously

Municipal Court of New York, November, 1921.    [Vol. 117.

allowed only against refractory **and** delinquent tenants. The statute relating to squatters is intended to include within its remedial objects any person who settles or locates on land without legal title or lawful authority from the person who has.

"A squatter may be defined to be a person who settles or locates on land without legal permission. He is a trespasser, because he goes upon the land without the authority of the owner." 2 McAdam Landl. & Ten. (4th ed.) § 308, p. 1075.

This proceeding is brought under section 2232 of the Code of Civil Procedure, now section 1411 of the Civil Practice Act, and particularly under subdivision 4 thereof, which reads as follows: " Where he or the person to whom he has succeeded has intruded into or squatted upon any real property without the permission of the person entitled to the possession thereof and the occupancy thus commenced has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

The essential to the maintenance of summary proceedings under this subdivision is that the person sought to be removed has " intruded into " or " squatted upon " the premises without permission and continued to occupy the same without permission (*Commonwealth Mort. Co.* v. *De Waltoff,* 62 Misc. Rep. 639), or if the permission were ever granted, it has been revoked and notice of the revocation given to the intruder or squatter.

There is no question but that the defendant obtained possession and entered upon the occupancy of the premises in a lawful manner. It is not claimed that he " intruded into " or " squatted ·upon " the premises. The petitioner, however, claims that he

entered as a guest with permission of the plaintiff, subject to his rights to revoke that permission at plaintiff's pleasure; and after a notice of revocation of the permission the defendant became a squatter and claims that these proceedings will lie against him.

I do not think that summary proceedings can be maintained against this occupant but that the owner must resort to other remedies. The word " permission " as used in the latter portion of subdivision 4 of section 1411 of the Civil Practice Act, has reference to permission given to a person to occupy the premises after such person has " intruded into " or " squatted upon " the same.

These words in the subdivision refer to the original entry into or upon the property.

In *O'Donnell* v. *McIntyre*, 41 Hun, 100, the court placed a like construction on subdivision 4, the General Term of the Supreme Court holding: " the only question to be determined is, did the respondent gain possession of the premises as an intruder within the meaning of that term as the same is used in said section? * * * and the latter acquired his possession without the consent and against the will of the appellant. This makes a complete case, entitling the injured party to relief in a summary manner * * *."

The defendant contends that the petitioner should have alleged that the proceeding is brought in good faith, but this requirement does not apply to a squatter as the emergency law applies only to section 1410 of the Civil Practice Act, not to section 1411.

It is evident that the petition does not state facts sufficient to maintain summary proceedings and it is therefore unnecessary to consider the other contention of the defendant, except that it is evident that the defendant is not a squatter, within the meaning of the act and therefore the petitioner should be

Supreme Court, November, 1921.     [Vol. 117.

remitted to the ordinary action of ejectment, which is the appropriate remedy for this purpose.

The motion of the defendant is granted and the proceedings are dismissed.

Motion granted.