CLARA WALCER and HARRY WALCER, Landlords, Respondents, *v.* ISRAEL SHERMAN and ANNA SHERMAN, Squatters, Appellants.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Summary proceedings to dispossess — squatter proceedings — defendant occupied premises as janitress under employment agreement with landlords — proceedings may not be maintained pursuant to Civil Practice Act, § 1411, subd. 4.

In order to maintain summary proceedings under subdivision 4 of section 1411 of the Civil Practice Act, it is necessary that the person sought to be removed

intruded into or squatted on the premises in the first instance without permission and has continued to occupy the same without permission, or if permission has been granted, it has been revoked and notice of revocation given to the intruder or squatter.

Accordingly, squatter proceedings cannot be maintained where it appears that the defendants, husband and wife, occupied the premises when the landlords acquired title; that immediately after taking possession the landlords consummated an employment agreement with the defendant wife to occupy the premises as janitress; that shortly after her employment was terminated, the landlords sought to terminate the tenancy; and that there is no claim that the defendants entered into the premises unlawfully, since the defendant wife occupied the premises with the permission of the landlords as an employee and, as such, she is without the scope of the statute.

APPEAL by defendants from a final order of the Municipal Court of the city of New York, borough of Manhattan, eighth district, rendered in favor of the landlords.

*Abraham Brekstone,* for the appellants.

*Isaac Hyman,* for the respondent.

LEVY, J. This is a proceeding brought under subdivision 4 of section 1411 of the Civil Practice Act, commonly known as " Squatter Proceedings." The defendants were in possession of a four-room apartment on the second floor of premises 1453 Fifth avenue at the time when the present landlord acquired title to the premises, and still continue in possession. Immediately after obtaining title the landlords herein employed one of the alleged squatters, Anna Sherman, as a janitress of the premises in question and they consummated the employment by having an agreement drawn up. Through some unexplained reason this agreement of employment was not signed by Anna Sherman, with whom it was made, but by her husband, Israel Sherman, the other alleged squatter. Shortly thereafter the employment of Anna Sherman as a janitress was terminated and the landlords caused a notice to be served upon her revoking the employment and electing to terminate the tenancy.

These proceedings cannot be maintained under subdivision 4 of section 1411 of the Civil Practice Act. If the occupancy is that of a squatter it must appear that the person occupying such premises as a squatter intruded upon or squatted on the premises in the *first instance.* The defendant Anna Sherman in this case was an employee of the landlords and hence her occupancy of the premises was with the permission of the landlords and she is thus brought outside the scope of the act. To maintain summary proceedings under Civil Practice Act, section 1411, subdivision 4, it is essential " that the person sought to be removed has ' intruded into ' or ' squatted upon ' the premises without permission and continued to occupy

the same without permission, or if permission has been granted, it has been revoked and notice of revocation given to the intruder or squatter." *Rosenzweig* v. *Portnoy*, 117 Misc. Rep. 136. And the permission referred to as above means after such person has intruded into or squatted upon the premises in the first instance.

" The words ' intruded into' or ' squatted upon' in subdivision 4 [of section 2232 of the Code, now section 1411 of the Civil Practice Act], refer to an original entry in the premises; and it seems clear that the word ' permission,' as used in the latter portion of said subdivision, has reference to permission given to a person to occupy the premises after such person has ' intruded into' or ' squatted upon' the same." *Stockwell* v. *Washburn*, 111 N. Y. Supp. 413, 415.

In the case at bar, there is no question that the tenants obtained possession and entered upon the occupancy of the premises in a lawful manner and with the permission of the landlords or those who preceded them in title. It is not claimed that they entered into or squatted upon the premises in the first instance. *Williams* v. *Alt*, 226 N. Y. 283. On the other hand, if the tenants were in possession under an agreement to be allowed a certain rental, then the conventional relationship exists and squatter proceedings are not the proper remedy.

Final order reversed, with thirty dollars costs, and proceedings dismissed, with costs.

BIJUR and MULLAN, JJ., concur.

Order reversed and proceedings dismissed.