ANGELINE MELE and Others, Petitioners, *v.* MARY RUSSO,
Respondent.

County Court, Rensselaer County, August 12, 1938.

*James A. McCarthy,* for the petitioners.

*Tate & Marsicano,* for the respondent.

BREARTON, J. It appears that Aniello Russo and Mary Russo are husband and wife and formerly lived together on the premises sought to be recovered in this proceeding. Aniello Russo separated from his wife some time ago but she insists upon remaining on the premises. He has since invited his wife to live with him. He has given a deed of the premises to the petitioners, who are his children of a former marriage and not the children of Mary Russo. The deed of the premises was dated April 29, 1938, and recorded in Rensselaer county clerk's office May 4, 1938. On June 18, 1938, the petitioners served upon Mary Russo a notice in writing to quit and surrender the property. When the said Mary Russo did not quit at the time provided in the said notice, the petitioners brought this proceeding upon a written petition under subdivision 4 of section 1411 of the Civil Practice Act, claiming

that the said Mary Russo continues in possession without their consent and after proper notice; that she is in the same position as an intruder or squatter.

Summary proceedings, except in punishment for contempt and in a few other cases dependent upon special reasons, were not allowed at common law. Summary proceedings, as implied in the name, are short and simple in comparison with those that are usual, regular and formal. They are authorized by statute in prescribed instances only. They are generally but not exclusively confined to cases where the conventional relation of landlord and tenant exists. Of course, it is not claimed that the relation of landlord and tenant exists in this case. Other relations are included by the provisions of section 1411 of the Civil Practice Act. The first three subdivisions of the section relate in turn to property sold by virtue of an execution, property sold upon foreclosure and property held under an agreement to occupy and cultivate upon shares. The fourth subdivision of the section provides:

" 4. Where he, or the person to whom he has succeeded has intruded into, or squatted upon any real property without the permission of the person entitled to the possession thereof and the occupancy thus commenced has continued without permission from the latter; or, after a permission given by him has been revoked, and notice of the revocation given to the person or persons to be removed."

A wife's original entry into premises as a dwelling by herself and husband being lawful, she is not an intruder or squatter; hence her husband could not after separation obtain summary removal. (*Brooks* v. *Brooks*, 146 Misc. 335.) In that case the husband left his wife and then sought to remove her from his apartment which they previously occupied as husband and wife. A final order removing her was unanimously reversed by the Appellate Term, Second Department, even though it was alleged the wife was a tenant.

Under the authority of that case, since the proceeding could not be properly brought by Aniello Russo, it cannot be maintained by the petitioners. They are in no different or stronger position from what he would be.

A squatter is one who settles on the lands of another without any legal authority, and an intruder is one who enters upon property where he has no right.

The respondent Mary Russo entered upon the lands in question by right as the wife of the owner. The occupancy thus commenced being lawful she cannot now be held to be a squatter or intruder.

The Court of Appeals has held it to be quite clear that it was the intention of the Legislature that the subdivision relied upon here applied only to a case which came within the meaning of a squatter or intruder. Even if the respondent were a trespasser, summary proceedings are not the proper remedy. (*Williams* v. *Alt*, 226 N. Y. 283.)

While the petitioners may have a remedy by an action to recover possession of the property involved, I am satisfied that summary proceedings cannot be maintained here.

Petition is, therefore, dismissed, with ten dollars costs.