ANGELINA ACCONCIA, Landlord, Appellant, *v.* ANTHONY DELL'AQUILLA, Squatter, Respondent.

Supreme Court, Appellate Term, First Department, July 3, 1951.

*Elihu A. Novick* and *Louis Rosenzweig* for appellant.

*Edward A. Fischetti* and *A. Dell'Aquilla* for respondent.

HAMMER, J. Summary proceeding for dispossession of alleged squatter.

The petition alleges that prior to July 21, 1950, the alleged squatter, without permission or consent of the petitioner, intruded upon and squatted upon the roof, coping, parapet and exterior walls of premises 649 East 222nd Street, Bronx, by erecting and maintaining thereon a certain television antenna, tapes, wires, screws and bolts, and has since continuously squatted upon and occupied the same; that on or about July 24, 1950, notice was duly given to the alleged squatter to remove the said antenna, etc., and that the said squatter failed and refused to quit and remove from the portions of the premises set forth, and continues in possession without the consent of the landlord.

The answer pleads general denial, breach of contract, and that the alleged squatter is and has been for upwards of ten years a tenant in said premises.

It appears that the tenant on or about October 19, 1940, entered into an agreement with the landlord for the hiring of the apartment, which provided that " a lease is to be executed for the period of 18 months, the first three months at 43, the balance of 15 months at 45."

The tenant testified that the additional $2 in the rent was agreed upon as payment for the privilege of installing a radio wire antenna running from the apartment to the roof, and for the use of a storage bin in the cellar. Although the landlord's attorney stated that " we deny it " I find no denial by the landlord of the tenant's testimony in that regard.

Assuming that the placing of the radio wire running from the tenant's apartment along the wall of the building to and on the roof, without permission of the landlord, would constitute an intrusion or squatting within the meaning of the statute, manifestly in this case where the initial consent of the landlord was given and no objection either to the radio or television antenna until ten years after the tenant went into possession, the television antenna having been substituted for the radio antenna in September, 1949, and notice to remove given in July, 1950, there is no foundation whatever for the claim that the tenant intruded into or squatted upon the premises.

" To maintain summary proceedings under Civil Practice Act, section 1411, subdivision 4, it is essential ' that the person sought to be removed has " intruded into " or " squatted upon " the premises without permission and continued to occupy the same without permission, or if permission has been granted, it has been revoked and notice of revocation given to the intruder or squatter.' *Rosenzweig* v. *Portnoy,* 117 Misc. Rep. 136. And the permission referred to as above means after such person has intruded into or squatted upon the premises in the first instance." (*Walcer* v. *Sherman,* 123 Misc. 390, 391–392.)

The following opinion or interpretation of the regulations by the State Rent Administrator seems pertinent: " Since on March 1, 1950, the date determining the maximum rent, the use of the roof by the tenant for a television antenna was a service provided by the landlord with the housing accommodations, within the meaning of Section 23 of the Regulations, the landlord is under the obligation to continue providing this service. The landlord may not demand the removal nor remove the television antenna from the roof without first obtaining an order under Section 35 (1) permitting such removal. The removal by the landlord without such permissive order would be a violation of the Act and the Regulations." (See Opinions

of the State Rent Administrator relating to the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, June 1, 1951, No. 65. See, also, No. 75.)

The final order should be affirmed, with $25 costs.

HOFSTADTER and EDER, JJ., concur.

Final order affirmed, etc.