Abrattam R. Mabgulies, J.
This is a summary proceeding brought by the owner of a one-family house to recover possession of said real property pursuant to subdivision 8 of section 1411 of the Civil Practice Act, which provides — for the removal *303 of tenants and others in possession and which pertinent language is as follows: “ a person who holds over and continues in possession of real property after notice to quit * * *:
“ In any case not otherwise provided for in this article, where he is a licensee of the person entitled to possession of the property at the time of the license, and a) his license has expired, or b) his license has been revoked by the licensor, or c) the licensor is no longer entitled to possession of the property
Although there appears to be some controversy with respect to the ownership of the property involved, the marital status of the owner of the property and the occupant of said property and the relationship between the parties to this proceeding, and although there may be some reference in this opinion to the foregoing, this court is deciding the question on the basis that the occupant was not a licensee as defined in said subdivision 8 of section Mil of the Civil Practice Act.
This court has searched diligently without avail for cases which were decided subsequent to 1951, which was the effective date of the aforesaid subdivision, and therefore must rely on the thinking of the courts with respect to comparable situations prior to 1951 and such information as could have been obtained in the reports, recommendations and studies of the Law Revision Commission which was given to the Legislature of the State of New York before the enactment of the aforesaid section.
The court is attempting* to consider the application of the petitioner in the most favorable light in spite of a somewhat confusing record as to the relationship between the parties. At the outset the court is disregarding the designation of landlord and tenant appearing in the caption of the proceeding as same has been amended during the course of trial to read owner and occupant.
It is the contention of the petitioner owner that one Lamberto Cardosanto married the owner petitioner in 1927 and bore him three children, was legally separated in 1935, and in 1956 said Lamberto Cardosanto obtained a Mexican mail-order divorce from said owner petitioner.
That said Lamberto Cardosanto purchased the premises in question in 1954 and took possession of same. That said Lamberto Cardosanto married the occupant in 1956 and resided in said premises as husband and wife with her until 1957 when said Lamberto Cardosanto left said premises leaving the occupant in possession.
That said Lamberto Cardosanto thereafter conveyed said premises to the petitioner owner in order to satisfy a demand for alimony arrears, and now petitioner owner after a notice to *304 quit to the occupant desires possession of the premises by reason of subdivision 8 of section 1411 of the Civil Practice Act. It is the contention of the petitioner owner that the occupant is a licensee as described in said subdivision and since the licensor, Lamberto Cardosanto, surrendered possession of the premises and conveyed the same to the petitioner owner, then in such event by reason of such section and subdivision the petitioner owner is entitled to possession.
Previous reported cases where a husband who was separated from his wife sought possession of premises by summary proceedings held that where the original entry of a wife upon premises used as a dwelling for herself and husband having-been lawful, she was not an intruder or squatter; hence, the husband, could not, after having left the wife and taken up separate residence elsewhere, compel her summary removal under subdivision 4 of section 1411 of the Civil Practice Act. (Brooks v. Brooks, 146 Misc. 335.) Likewise in the case of Mele v. Russo (168 Misc. 760) we found a situation where a hus- ' band and wife that formerly lived on the premises sought to be recovered and where the husband separated from his wife and the wife remained in possession of the premises after the husband had given a deed of the premises to the petitioners, who were his children of a former marriage and not the children of the occupant. This proceeding was brought prior to 1951 and pursuant to subdivision 4 of section 1411 of the Civil Practice Act and the court held that the occupant who entered upon the lands in question by right is the wife of the owner, and since such occupancy was lawful she cannot now be held to be a squatter or intruder. And that summary proceedings was not the proper remedy for recovery of realty from a trespasser.
It is the theory of the owner that the Civil Practice Act was amended to avoid the necessity of a long burdensome and expensive proceeding in ejectment, and it is interesting to note that the Legislature has become more liberal in permitting the eviction of tenants and occupants of real property by summary proceeding’s. All of the foregoing is recited at length in the Report, Recommendations and Studies of the Law Revision Commission for 1951. Very briefly, it may be of some interest to state some of the language of the report. ' ‘ The courts very consistently held that no person can be removed under the squatter section unless both his entry into the property and his possession are wrongful. Williams v. Alt, 226 N. Y. 283 (1919). Thus, if A enters B’s property without permission and remains thereon unlawfully, B may remove him summarily; if A enters as B’s tenant, or as a subtenant of B’s tenant, and wrongfully *305 holds over after the term granted by B has ended, B may remove A summarily. However, if A enters under a mere license given by B and refused to leave when the license is terminated, B can remove A only by a slow and costly ejectment action. Rosensweig v. Portnov, 117 Misc. 136, 191 N. Y. S. 900 (1921). If A enters as a subtenant of a life tenant and holds over wrongfully after the life tenancy ends, he also may be removed also by ejectment. Williams v. Alt, 226 N. Y. 283.
“ The reason for these results is clear. The licensee and the life tenant’s subtenant are not within any of the classes defined in sections 1410 and 1411 of the Civil Practice Act and therefore not subject to removal by summary proceedings. This anomaly led the Court of Appeals in Williams v. Alt, supra, to suggest that the legislature ‘ might with good reason add another subdivision ’ to the existing sections to include cases where persons come into possession of the property lawfully and remain therein without legal right.” (1951 Report of N. Y. Law Rev. Comm., p. 49.) It is interesting to note that the commission now describes in length in its report that there appeared to be no valid reason for the removal of licensees by slow and expensive ejectment actions when tenants and squatters are subject to summary proceedings, and therefore recommended the enactment of subdivision 8 of section 1411 of the Civil Practice Act, and which was so enacted by the Legislature in 1951.
At first flush it appears that the Legislature intended to include all those who came into possession of property lawfully and now appear to be in possession without right. The question here, is a wife who became the occupant of the premises by reason of her marriage to the then owner of the premises such a person as intended by the Legislature to be included in the aforesaid provision?
This court is not of such opinion, and from a reading of the cases the courts appear to be unswerving in their refusal to entertain summary proceedings against a wife who remains in possession after her husband has vacated even though the wife may be a trespasser. (Brooks v. Brooks, 146 Misc. 355, supra; Mele v. Russo, 168 Misc. 760, supra.) There is no question in this court’s mind that this proposition was considered by the Legislature because the Law Revision Commission’s report sets forth at length the background of the problem on pages 57 and 61 of said report, and refers specifically to the Mele v. Russo case and did not indicate anywhere in its report that it was the purpose of the section to be amended to include a wife in possession. Therefore, while the petitioner may have a remedy by an action to recover possession of the property involved, *306 this court feels that summary proceedings cannot he maintained here.
As this court indicated, there may be some other questions of law and fact to be determined in addition to the foregoing, such as whether or not the owner has established by a fair preponderance of the evidence that she is the owner of the property. In that connection the courts have adopted a rather liberal policy and have not been too technical with respect to the proof. Where title is in issue the petitioner may be subjected to tremendous .costs to prove ownership. In this case it is the contention of the occupant that the owner has failed to prove that the description recited in the deed introduced in evidence embraces the premises in question. In this case a previous owner testified that he came into possession of the premises by reason of a conveyance to him and that he conveyed by similar description to the present owner. This court is satisfied that the requirements with respect to ownership have been met.
In view of the fact that there is no claim on either side that the occupant was a tenant, the question of control of the premises by reason of the New York State Residential Rent Law (L. 1946, ch. 274, as amd.) is not being considered. Petition is therefore dismissed.