Guy Gilbert Ribaudo, J.
This is a summary proceeding grounded upon subdivision 8 of section 1411 of the Civil Practice Act. The petitioner and defendant are husband and wife living apart from each other. The premises is apartment 3E in the co-operated building 110 East 57th Street, New York City.
The petitioner husband entered into a proprietary lease for this apartment in his own name on August 28, 1958. His right to possession is based upon his ownership as reflected by this lease. Although defendant wife sought to establish an equitable interest in the lease by an alleged vague statement purported to have been made at the time of the acquisition thereof to the effect that she could live in this apartment for the rest of her life, and also that she loaned her husband money to pay for this apartment, the evidence fell far short of establishing such interest. Actually it is defendant’s testimony that she only loaned the petitioner some money for the purchase of the apartment. Hence, she did not have a direct interest therein.
Although the court may entertain equitable matters asserted as affirmative defenses, the proof adduced by the defendant in support of her equitable defenses was meager and wholly failed to meet the burden of proof necessary to establish them. *826 Stripped of these collateral issues the testimony shows that defendant had decided to live apart from the petitioner. She wrote a letter on January 4, 1959 wherein she plainly set forth her decision not to live with petitioner and her appreciation for her husband allowing her to remain in apartment 3E until she found a permanent place to which to move; but, in any event she wrote she would ‘ ‘ not stay any longer than two months ’
Defendant sought to vitiate the effect of her letter by claiming that it constituted an agreement to separate and, therefore, was void and illegal. The court, however, has not considered it as an agreement but merely as written evidence of the' relationship between the parties and the basis for defendant remaining in apartment 3E despite her decision to live apart from petitioner. Defendant also sought to establish some element of duress as being the stimulus for her letter. Here, too, the evidence was vague; it certainly did not reach the level required to establish duress.
The basic question is, can a spouse who has the right to possession and ownership of premises use summary proceedings to evict a wife who retains possession of said premises after separation and who retains possession not by reason of the marital relationship but by reason of permission originally granted by the husband?
Subdivision 8 of section 1411 was enacted by chapter 273 of the Laws of 1951. The rationale of this amendment was set out in the report of the Law Revision Commission (N. Y. Legis. Doc., 1951, No. 65[C], pp. 18-23).
Despite this clear pronouncement of the Law Revision Commission grounding the adoption of subdivision 8 as covering a situation where one spouse remains without right on the premises after separation, it has been held as not covering such specific situation. (Cardosanto v. Cardosanto, 10 Misc 2d 302.) This court cannot agree with the rationale there stated. That determination was reversed on appeal (15 Misc 2d 1001). The Appellate Term specifically held that a proceeding to vacate a spouse after separation is properly brought under this section. The cases decided prior to the amendment are not applicable.
The respondent herein as licensee was given permission to remain on the premises for a period of two months following January 4, 1959. She remained in possession after the expiration of that time.
The court finds that she has no legal right to possession and grants final order for the petitioner.
Issuance of warrant stayed to and including June 30,1959.