Per Curiam.

The refusal of our courts to entertain summary proceedings against a refractory spouse, trespasser though she may be (see cases cited in dissenting opinion; 1951 Report of N. Y. Law Rev. Comm., p. 65), was one of the reasons which led the Legislature to add subdivision 8 to section 1411 of the Civil Practice Act, affording to the 11 spouse with the legal right to possession” the simple and speedy relief of summary proceedings where “ the husband and wife separate ” (1951 Report of N. Y. Law Rev, Comm., p. 65). The availability of the remedy provided by subdivision 8 is not limited to a case of a “ finalized separation through judicial decree or formal agreement ”, It was the clear intent of the Legislature to extend the summary remedy to those who have placed themselves in a licensor *600 licensee relationship. That any other legal relationship might also exist between such persons is immaterial. With respect to married couples not living together, to have the remedy depend on the formality of their separate status would be manifestly unfair and contrary to the statutory purpose. All that should be necessary is the establishment of the right to possession by one party and the duty to vacate by the other. To otherwise construe the statute would be to empower the Municipal Court to decide all manner of collateral issues outside its jurisdiction and foreign to the concept of the special proceeding. Questions of rights to marital abode, of abandonment of a spouse, of support and maintenance and of a place to live, are problems for solution in a court of plenary jurisdiction and are not to be solved in a summary proceeding.
We are not' concerned, in any event, with parties who have not actually separated themselves. The petitioner husband is the owner of a proprietary lease of the apartment in suit. His wife, the appellant, decided that she would have to live apart. Rather than reside in her husband’s second apartment or in her own third apartment, she sought and obtained permission from him to stay in the co-operative apartment for a period of two months, her husband at her request moving to his other residence. The wife’s choice of the co-operative apartment owned by her husband as her temporary abode following her decision to leave him, did not entitle her to possession of such apartment as of right. At the expiration of the two-month period, upon notice to quit, she was a trespasser. Prior to the enactment of subdivision 8 of section 1411 of the Civil Practice Act, she could not be ousted except by an action in ejectment. The law now provides that this slow and expensive ejectment action, in fact, for practical purposes no remedy at all (1951 Report of N. T. Law Rev. Comm., p. 65), is not required “ When the husband and wife separate ”. In this specific situation the law has provided a new remedy to the spouse with a legal right to possession — a summary proceeding (Cardosanto v. Cardosanto, 10 Misc 2d 302, revd. 15 Misc 2d 1001).
The final order should be affirmed, with $25 costs.
Appeal from order dismissed.