Eugene W. Bergin, J.
This proceeding was commenced by a petition dated September 28, 1973, to recover the possession of real property under article 7 of the New York Real Property Actions and Proceedings Law. The petitioner is the owner in fee of the subject property; the respondent, who is the wife of the petitioner, is the present occupant of the premises.
The petition before this court alleges, in part: “2. Respondent Lilly F. Halaby is the tenant of said premises who continued in possession thereof under an Order of the Monroe County Family Court entered on or about the 4th day of December, 1970 between said respondent and the landlord,, for a continuous term and continuing therein under the terms of the original order, the last month commencing on the 27th day August, 1973, and ending on the 26th day of September 1973, said order having been superseded by Monroe County Family Court Order entered August 23, 1973.”
Allegation 4 of the petition alleges: 1 ‘ The term for which said premises were rented by the respondent tenant expired on September 26,1973 ”. (Emphasis added.)
*821 Of significance in the proceeding is that the petitioner and respondent are husband and wife having been married to each other on August 31,1929. There is no judgment, order or decree of divorce, annulment or separation between the parties nor is any pending in any jurisdiction. Consequently, the respondent contends that she is not a tenant.
The respondent in her answer alleges that the court is without jurisdiction. This defense is premised on the orders of the Monroe County Family Court, which the respondent contends allow her occupancy until October 1, 1973. It is contended that commencement of the proceeding on September 28, 1973 was premature and therefore this court lacks jurisdiction.
It is also raised, as a defense, that the orders of Family Court do not give exclusive possession of the subject premises to the petitioner.
Though at the time of oral argument by counsel on October 17,1973, counsel for the respondent stated that he appeared specially and argued that the petition was premature, the court will consider the more extended issues presented.
The question before this court is whether or not a husband may evict a wife by summary proceeding from a matrimonial domicile where there is no decree of divorce or separation nor a separation agreement. Subdivision 1 of section 701 of the New York Real Property Actions and Proceedings Law provides: e 6 A special proceeding to recover real property may be maintained in a county court, the court of a police justice of the village, a justice court, a court of civil jurisdiction in á city, or a district court.”
It is jurisdictionally essential to show the landlord and tenant relationship, unless another relationship is expressly allowed by article 7 of the Real Property Actions and Proceedings Law (McKinney’s Cons. Laws of N. Y., Book 49½, Real Property Actions and Proceedings Law, art. 7, Summary Proceedings "Under the Real Property Actions and Proceedings Law, Paul R. Shaw, p. 101, p. 106).
Clearly a landlord and tenant relationship never has existed between the parties. In view of this the court must turn to section 713 of the Real Property Actions and Proceedings Law which sets out the specific circumstances when a summary proceeding may be maintained where no landlord-tenant relationship exists. The petitioner relies on paragraph (c) of subdivision 7. The thrust of petitioner’s position is that first, the respondent is a licensee of the petitioner, the petitioner being entitled to possession of the premises at the time of the license *822 and second, “ the licensor is no longer entitled to the possession of the property ” (Beal Property Actions and Proceedings Law, § 713, subd. 7, par. [c]).
In reviewing the pleadings, the memoranda and the oral argument of counsel this court does not find that the circumstances of the parties in the instant case come within the purview of section 713 of the Beal Property Actions and Proceedings Law.
The case of Tausik v. Tausik (21 Misc 2d 599) dealt with an issue similar to the instant case. The petitioner cites Tausih, in support of his position and the respondent contends that the rule of that particular case does not apply.
The Tausih case involved a husband petitioner seeking the eviction of his wife from a co-operative apartment the husband having been the owner of a proprietary lease of that apartment. The parties were not divorced or formally separated. Possession of the apartment was granted to the petitioner husband.
It is obvious from reading the dissenting opinion that a key factor present in the Tausih case, but not present in the instant case, was the existence of a letter written by the wife requesting and obtaining possession for a period of time and the payment of “ rent.”
Though the majority in the Tausih case granted the petitioner his relief it did state (p. 600) that: “ Questions of rights to marital abode, of abandonment of a spouse, of support and maintenance and of a place to live, are problems for solution in a court of plenary jurisdiction and are not to be solved in a summary proceeding.”
The majority further stated that the remedy of a summary proceeding would be available if the right to possession were established on the part of a petitioner and the duty to vacate established on the part of a respondent. Stated differently the parties must come within a specific ground enumerated in section 713 of the Beal Property Actions and Proceedings Law.
This court is of the opinion that the right of possession and the duty to vacate are not established on the face of the pleadings and what the petitioner is asking this court to do is to review the orders of the Monroe County Family Court. This court is without jurisdiction to do so.
The procedures of the Beal Property Actions and Proceedings Law were never intended to confer on County Court jurisdiction to resolve possessory and property rights of a husband and wife where no decree of divorce or formal separation exists between the parties.
Petition is dismissed without costs.