OPINION OF THE COURT
Bernard Fuchs, J.
This holdover proceeding has been stayed as against respondent Extra Closet, Inc. by the United States Bankruptcy Court. As against the other respondents, Bush Plaza Realty Corp. and Kenstons Distribution Corp., it was tried to the court.
Petitioner (MASTAS) is the lessee of land and buildings on a portion of the Bush Terminal Industrial Complex from the City of New York Department of Ports, International Trade and Commerce (NYC). Its lease took effect March 28, 1989. A previous lease (to another tenant) of the same land and buildings was terminated by this court’s warrant of eviction issued on NYC’s petition. (RPAPL 749 [3].)
Respondents had been subtenants of the prior tenant but were not parties to the proceeding which led to its eviction. They did not vacate the premises when the warrant to evict that tenant was executed. Neither respondent has attorned to or entered into a new lease with either NYC or MASTAS.
*699 MASTAS undertook to terminate respondents’ possession by service on each of them on May 8,1989 of a "Notice to Quit to Licensee” effective May 19, 1989. Respondents insist, however, that they are tenants, not licensees. Since the petition is based on a 10-day notice terminating a license rather than a tenancy, they argue that their right to possession has not terminated and the petition is without foundation.
The legal effect of the events leading to this petition is clearly stated in New York Rys. Corp. v Savoy Assocs. (239 App Div 504 [1st Dept 1933]). " 'When th[e] lease was terminated by the warrant in the dispossess proceeding, all right of the subtenant under its lease fell with it * * *. The failure to make the subtenant a party to the first dispossess proceeding could not affect the character of its estate after the overlease fell for nonpayment of rent.’ ” (See, 1 Rasch, NY Landlord and Tenant — Summary Proceedings § 9.67 [3d ed 1988].)
It follows that respondents are no longer tenants under their sublease. Their possession is a "naked” one with no right or title and with no privity either of contract or estate with NYC or with MASTAS which acts here in the right of NYC. (See, Lewittes & Sons v Spielmann, 190 Misc 35 [App Term, 1st Dept 1947]; Tefft v Apex Pawnbroking & Jewelry Co., 75 AD2d 891 [2d Dept 1980]; 74 NY Jur 2d, Landlord and Tenant, § 125.) Respondents’ possession is said to depend on the loches of the owner. (Roberts v Eastman, 134 Misc 677 [Tioga County Ct 1929].) But "loches” in such a case is merely "a failure to eject the wrongful holder immediately upon the commencement of the wrongful holding.” (1 Tiffany, Real Property § 174 [3d ed].)
The common-law characterization of a person coming to an estate by the act of a party and then holding over is that of a "tenant at sufferance.” (Livingston v Tanner, 14 NY 64, 69 [1856].) This includes a "sublessee * * * holding over after the expiration of the lessor’s term.” (1 Tiffany, op. cit, § 174.) Such a "tenant”, though bereft of all privity with any lessor and holding over "by wrong” (74 NY Jur 2d, Landlord and Tenant, § 125), is nevertheless entitled to the 30-day notice provided by Real Property Law § 228 before his possessory interest can be terminated. (Titus v Thannhauser, 61 NYS2d 617 [App Term, 1st Dept 1946]; Lippe v Professional Surgical Supply Co., 132 Misc 2d 293 [Civ Ct, Queens County 1986]; Inch Corp. v Sixteen Nineteen Realty Co., NYLJ, Feb. 1, 1974, at 17, col 1 [Civ Ct, NY County].) Section 228 requires the 30- *700 day notice specifically for a "tenancy * * * by sufferance, however created”.
The tenancy at sufferance considered in Livingston v Tanner (supra) was that of a life tenant’s lessee holding over after termination of the life estate. There the remainderman was permitted to recover possession without serving the 30-day notice required for a tenant at sufferance because a statute commanded that one " 'having an estate determinable upon any life * * * who * * * without * * * consent * * *. shall hold over * * * shall be adjudged to be a trespasser.’ ” (Supra, at 68; cf., RPAPL 851; see, RPAPL 713 [6].)
The present subtenants, however, hold over after termination of a sublessor’s estate, not that of a life tenant. They are, therefore, not trespassers by statute, RPAPL 851, and retain the common-law status of tenants at sufferance.
Even if respondents could be characterized as trespassers by some other criterion, no RPAPL summary proceeding would be available to petitioner. RPAPL 713 (6) applies only to tenants of a life tenant and subdivision (3) does not apply because respondents did not enter "in the first instance, without the permission of * * * one entitled to the possession” and therefore have not intruded into or squatted on the property. (2 Rasch, NY Landlord and Tenant — Summary Proceedings § 35.14 [3d ed 1988]; Williams v Alt, 226 NY 283, 290 [1919]; Matter of Robbins v De Lee, 34 AD2d 870 [3d Dept 1970]; Streiter v Weissman, 208 Misc 57 [App Term, 2d Dept 1955]; Acconcia v Dell’Aquilla, 200 Misc 317 [App Term, 1st Dept 1951]; Walcer v Sherman, 123 Misc 390 [App Term, 1st Dept 1924]; Galligan & Co. v P.S.M., Inc., 116 Misc 754 [Mun Ct, Manhattan 1921].)
The petition must fall for inadequate notice.
Petition dismissed.