| GVS Props. II, LLC v Walton |
|:---:|
| 2025 NY Slip Op 33972(U) |
| October 27, 2025 |
| Civil Court of the City of New York, New York County |
| Docket Number: Index No. LT-319985-24/NY |
| Judge: Daniele Chinea |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART H
-------------------------------------------------------------------X

GVS PROPERTIES II, LLC,                                        Index No.: LT-319985-24/NY

                                        Petitioner,            Seq. No. 001

                -against-
                                                              **DECISION/ORDER**

RUTH WALTON, CHARLIE RUFFIN,
"JOHN DOE 1" and "JANE DOE 2"

                                Respondents-Occupants,

MARY WALTON, SANDY WALTON, JAMAL
WALTON, ANTHONY WALTON, "JOHN DOE 2",
"JANE DOE 2"

                                Respondents-Undertenants,

3915 BROADWAY a/k/a 600 WEST 164TH STREET,
APT. #66
NEW YORK, NY 10032
                                Subject Premises.
-------------------------------------------------------------------X

Present:
        Hon. DANIELE CHINEA
        Judge, Housing Court

Recitation, as required by the CPLR § 2219(a), of the papers considered in the review of
Respondents' motion to dismiss.

| PAPERS | NYSCEF DOC. |
|---|---|
| Notice of Motion & Affidavits Annexed……………………………………… | 11-12 |
| Answering Affidavits………………………………………………………….. | 15, 17-21 |
| Reply Affidavits……………………………………………………………….. | 16, 22-26 |

Upon the foregoing cited papers, the decision and order of the motion is as follows:

Procedural History and Factual Background

Petitioner, GVS Properties II, LLC, brought this holdover proceeding against respondents, Ruth
Walton, Charlie Walton, et al., alleged licensee-occupants of the subject non-rent-regulated unit,
3915 Broadway, Apt 66, New York, NY 10032 ("Premises") claiming they occupy the Premises

Page 1 of 4

1 of 4

without Petitioner's permission, their licenses having expired. Petitioner claims respondents are not covered by the protections of the Good Cause Eviction Law ("GCE") (NYSCEF Doc. No. 1).

Ruth Walton ("Respondent") appeared through counsel and filed this motion to dismiss (Motion Seq. 001). Respondent argues that Petitioner fails to state a cause of action as respondents are not licensees but tenants at sufferance or at will. Respondent argues Petitioner was obligated to provide a minimum 30-day notice of termination, not the 10-day notice to quit served. Respondent also argues dismissal is warranted as Petitioner failed to name the prime tenant, Ecumenical Community Development Organization, Inc. ("ECDO"), as a necessary party (NYSCEF Doc. No. 11).

In opposition, Petitioner argues that Respondents' claim to any variety of tenancy is foreclosed by the Appellate Division's decision in *Ecumenical Community Dev. Org., Inc. v GVS Props. II, LLC*, 168 AD3d 522 [1st Dept 2019]. After finding that respondents, intervenor-plaintiffs in that proceeding, failed to adequately challenge the lawful deregulation of the subject premises, the court held, "[Respondents'] occupancy was solely pursuant to a written temporary relocation agreement [with ECDO]" (*id.* at 523). Further, the court found no fault in Petitioner's withholding of consent for ECDO assignment of its temporary lease to respondents (*id.* at 524). Petitioner contends that these findings support its choice to serve a 10-day notice to quit and the omission of ECDO in this proceeding.

In reply, Respondents argue the appellate decision affirming summary dismissal of their claims in a prior action does not preclude them from challenging licensee status here. Respondents contend that their claims to a tenancy at will or by sufferance were never raised in the prior case, much less adjudicated on the merits, so estoppel cannot attach.

Petitioner, without leave or consent, filed sur-reply (labeled "supplemental opposition"), arguing that the motion to dismiss is unsupported by an affidavit/affirmation of Respondents or an affirmation by counsel and should be denied. Petitioner also points out that Respondents conceded in other filings that ECDO formally surrendered its rights to possession of the subject premises in October 2013. As such, Respondent knows EDCO is unnecessary to Petitioner's possessory claims for the Premises. Finally, Petitioner argues Respondents are not and cannot be tenants by sufferance because they never had an independent possessory interest in the subject premises that could ripen into such a tenancy.

Respondents dispute consideration of the Petitioner's sur-reply in their supplemental reply ("sur-sur reply"). Respondent argues, even considering the arguments in the disputed papers, Petitioner's contentions actually bolster their claims to a status beyond mere licensees. Respondent withdrew the branch of the motion seeking dismissal on the basis of failure to name a necessary party.

For the reasons stated below, Respondents' motion is granted.

Discussion
CPLR 3211 [a] provides, in relevant part, "A party may move for judgment dismissing one or more causes of action asserted against him on the ground that: . . . 7. the pleading fails to state a

[* 2]

cause of action." "On a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), "[w]e accept the facts as alleged in the complaint as true, accord plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 141 [2017] quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Dismissal under CPLR 3211(a)(7) is warranted only if [Petitioner] "fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery"" (*Audthan LLC v Nick & Duke, LLC*, 42 NY3d 292, 303 [2024] [quoting *Connaughton supra*]).

"[A] licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, non-assignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege" (*Rosenstiel v Rosenstiel*, 20 AD2d 71, 76 [1st Dept 1963]). A licensee does not have exclusive use or "absolute control and possession [which] differentiates a lease from a license" (*Am. Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156 [1st Dept 1994]).

Petitioner pleads that "Respondents, RUTH WALTON, CHARLIE RUFFIN, "JOHN DOE 1", "JANE DOE 1", are the occupants of the premises, who entered into possession under a temporary relocation agreement with the former tenant of record" (NYSCEF Doc. No. 1 ¶2). Regardless of how temporary that agreement was, or that Petitioner withheld consent, Respondents had exclusive control of the subject premises.

As Respondents correctly contend, the facts are distinguishable from the cases relied upon by Petitioner. They are neither the squatter-trespassers of *City of NY v Utsey*, 185 Misc 2d 715, 719 [App Term, 1st Dept 2000] (who, nevertheless, were entitled to 30-day notice as tenants at will), nor the forged deed holder of *4720 Ave., Inc. v House*, 81 Misc 3d 139[A], 2023 NY Slip Op 51459[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2023] (who was not entitled to a 30-day notice, failing to meet the criteria of a tenant at will). Respondent is much more analogous to the sublessee in *2601-2609 Bainbridge Ave. LLC v Algernon*, left behind after the tenant of record's rights were terminated, whom that court found could likely be a tenant at sufferance and denying summary judgment (*Id.*, 82 Misc 3d 1208[A], 2024 NY Slip Op 50253[U], *3 [Civ Ct, Bronx County 2024]). After ECDO's surrender, Respondent's position is similar to that of the commercial respondent-sublessee in *Mastas v Extra Closet Inc.*, which was found to be a tenant at sufferance and entitled to a 30-day notice of termination pursuant to Real Property Law ("RPL") § 228 ("A tenancy at will or by sufferance, however created, may be terminated by a written notice of not less than thirty days"), following the termination of the sublessor's tenancy (146 Misc 2d 698, 699 [Civ Ct, Kings County 1990] ["respondents are no longer tenants under their sublease. Their possession is a "naked" one with no right or title and with no privity either of contract or estate with [owner] or with [current prime tenant/lessee]"]).

Moreover, the Appellate Division's decision in *Ecumenical Community Dev. Org., Inc. v GVS Props. II, LLC*, 168 AD3d 522 [1st Dept 2019] did not foreclose or estop respondents from litigating their status as tenants at sufferance. That decision found respondents lacked privity with Petitioner, they never paid rent directly to Petitioner, they entered into possession pursuant to the agreement with ECDO, and ECDO's tenancy was not illusory (168 AD3d at 523). The

Page 3 of 4

[* 3]

decision granted Petitioner summary judgment and dismissing all respondents' intervenor claims, including their claim the Premises is rent stabilized; their claim to be the *bona fide* tenants of the Premises (i.e., not subtenants or otherwise); their demand the Court set the legal regulated rent; their demand for an injunction directing Petitioner to give them a rent stabilized lease; and their demand for an injunction directing Petitioner to file a registration with DHCR for the subject premises as rent stabilized (NYSCEF Doc. No. 15, Index No. 156405/2012, Sup. Ct., NY County). Simply put, a conclusive finding that Respondent is not the rent stabilized tenant of record is not a finding they are licensees.

As for Respondents contention that Petitioner's papers are untimely or improper or both, the Court is inclined to agree (*see Mo v Zhou*, 235 AD3d 556, 557 [1st Dept 2025]). However, even considering all Petitioner's arguments, the Court finds respondents cannot properly be described as licensees. They were entitled to exclusive possession of the Premises and entered through a lease with EDCO. Thus, they were not EDCO licensees and, certainly, they are not Petitioner's licensees. A 10-day notice to quit was patently insufficient as a matter of law. Predicate notices are unamendable (*210 First Ave. LLC v Gena's Grill, Inc.*, 2024 NY Slip Op 50942[U] [Civ Ct, NY County 2024] citing *Chinatown Apartments, Inc. v Chu Cho Lam*, 51 N.Y.2d 786, 787 [1980]), thus, the petition is fatally defective and dismissed. Petitioner may recommence having not met the statutory requirements to maintenance of a summary holdover proceeding. (*MSG Pomp Corp. v Jane Doe*, 185 AD2d 798, 799 [1st Dept 1992]). Petitioner is required to terminate the tenancy of respondents by 30-day notice of termination. RPL § 228.

Conclusion

Accordingly, it is ORDERED that Respondent's motion (Motion Seq. 001) is GRANTED; and it is further

ORDERED that the petition is DISMISSED without prejudice to the underlying claims for possession and use and occupancy, and Petitioner may recommence on proper notice.

This constitutes the decision and order of the Court, a copy of which will be uploaded to NYSCEF and mailed to the Premises.

Dated: New York, New York
    October 27, 2025

HON. DANIELE CHINEA
JUDGE, HOUSING COURT

_____
Hon. Daniele Chinea
Judge, Housing Court

[* 4]