■   MELVIN E. HARTZLER, Appellant, v WESTAIR, INC., Respondent. (Action No. 1) (And Another Action.)—In an action, *inter alia*, to (1) enjoin defendant from breaching its covenant of quiet enjoyment with the plaintiff, (2) declare that the plaintiff is the third-party beneficiary of a certain concession agreement and (3) modify a certain tenant agreement to make it terminable only for good cause, plaintiff appeals from an interlocutory judgment of the Supreme Court, Westchester County, entered April 6, 1976, which, pursuant to a stipulation authorizing the court to resolve certain issues, *inter alia*, (1) adjudged that the tenant agreement was merely a licensing agreement and that defendant had the right to terminate that agreement at will, (2) adjudged that plaintiff is not a third-party beneficiary of the concession or subconcession agreements and that no duty exists under which defendant is required to show cause why the tenant agreement was terminated and (3) dismissed portions of the complaint. (Plaintiff also purports to appeal from a decision of the same court, dated March 17, 1976.) Appeal from the decision dismissed. No appeal lies from a decision. Interlocutory judgment affirmed. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. The tenant agreement between the parties is nothing more than a licensing agreement. Under the terms of that agreement, and by its common-law right as a licensor, Westair could cancel the said agreement at will and without cause (see *Lordi v County of Nassau*, 20 AD2d 658). Plaintiff has no third-party beneficiary rights, as any benefit derived by him from the concession and subconcession agreements was only an incidental benefit, not a primary one. Defendant gave no indication of an intent to assume the duty of reparation to a member of the public for the loss of any benefit incidental to the public (see *Moch Co. v Rensselaer Water Co.*, 247 NY 160). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.