■ AMERICAN JEWISH THEATRE, INC., Respondent, v ROUNDABOUT THEATRE COMPANY, INC., et al., Appellants. [610 NYS2d 256] —Order, Supreme Court, New York County (Shirley Fingerhood, J.), entered October 26, 1993 (on an August 19, 1993 decision), granting preliminary injunctive relief with a direction to proceed to arbitration, and order (same court and Judge), entered October 12, 1993, clarifying the August 1993 decision on reargument, unanimously modified, on the law and the facts, to provide for termination to the injunctive remedy as of August 30, 1993, and we remand for further proceedings as indicated herein, and otherwise affirmed, without costs.

Defendant Roundabout Theatre Company is the prime tenant of the Susan Bloch Theatre, on West 26th Street in Manhattan. Defendant Haimes is Roundabout's producing director, and defendant Richard its general manager. In 1991 plaintiff entered into an agreement with Roundabout for the use of the theatre premises for a six-month period ending March 31, 1992. Roundabout was given the right to terminate the agreement for cause, upon notice and failure to cure. The agreement contained an option to renew for up to six additional months, if exercised in writing by February 1, 1992 and the first of each month thereafter. Plaintiff did pick up the option, and the parties agreed to extend through April 30, 1993, with an additional option available through August 30 of that year, provided the new option was exercised in writing by March 1st and the first of each month thereafter. The original agreement, which was incorporated by reference in the subsequent extension agreement, contained a broad arbitration clause for the resolution of all disputes.

When a rental dispute arose during the latest extension period, defendants notified plaintiff in July 1993 that because of plaintiff's breach, defendants would be re-occupying the premises seven days hence, and in any event, would not renew the agreement beyond August 30. Defendants forcibly entered, removed plaintiff's personal property, and commenced to change the door locks. Plaintiff then brought this action for

injunctive and other relief. Defendants cross-moved to compel arbitration.

Defendants took the position that the agreement was a license, revocable at will by the licensor. Indeed, the agreement was denominated a "license", with the parties described throughout as "licensor" and "licensee". (Only in the final two paragraphs of the original agreement was the word "lease" briefly used.) Plaintiff, on the other hand, argued that it was a leasehold tenant, and thus entitled to protection from summary eviction.

What defines the proprietary relationship between the parties is not its characterization or the technical language used in the instrument, but rather the manifest intention of the parties (City of New York v Pennsylvania R. R. Co., 37 NY2d 298, 300; The Statement v Pilgrim's Landing, 49 AD2d 28; see, 1 Rasch, New York Landlord and Tenant § 4.1 [3d ed]). The nature of the transfer of absolute control and possession is what differentiates a lease from a license or any other arrangement dealing with property rights (Feder v Caliguira, 8 NY2d 400, 404). Whereas a license connotes use or occupancy of the grantor's premises, a lease grants exclusive possession of designated space to a tenant, subject to rights specifically reserved by the lessor. The former is cancellable at will, and without cause (Hartzler v Westair, Inc., 55 AD2d 905). Where one party's interest in another's real property exists for a fixed term, not revocable at will, and terminable only on notice, a landlord-tenant relationship has been created.

The IAS Court was correct in cutting through the verbiage of the agreement and recognizing, at least prima facie, a leasehold relationship between the parties. Since arbitration is the designated avenue for dispute resolution, the questions of liability and damages for breach of the agreement must await determination in that forum. But by the same token, under no circumstances could plaintiff's interest in the property extend beyond August 30, 1993. Thus, there was no necessity for injunctive relief, or bonding therefor, beyond that date. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Ross, JJ.