OPINION OF THE COURT
Memorandum.
Ordered that the final judgment is affirmed, without costs.
Petitioner commenced this summary proceeding pursuant to RPAPL 713 (7), alleging that occupant had been in occupancy pursuant to a series of short-term permits, and an addendum to permit, for various durations, beginning in November 2006, with the last permit expiring December 31, 2010; that occupant had violated the use clause of the permits and the addendum to permit; and that a 10-day notice to quit had been served. Following a nonjury trial, a final judgment was entered in favor of petitioner. Occupant appeals, arguing that it was a de facto month-to-month tenant entitled to a month’s notice pursuant to Real Property Law § 232-b because the invoices introduced at trial showed that permit fees had been billed on a monthly basis and because the petition demands arrears in “rent.” In the alternative, occupant argues that the termination of a permit is not a ground upon which a summary proceeding may be maintained. We reject these contentions and affirm.
It is well settled that an agreement’s characterization is not determinative of the nature of the transaction; “rather, the true nature of the transaction must be gleaned from the rights and obligations set forth therein” (Union Sq. Park Community Coalition, Inc. v New York City Dept, of Parks & Recreation, 22 NY3d 648, 656 [2014]; see American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1994]). A review of the terms of the parties’ agreements — including their short-term duration, the limitations on the premises’ use, the agreements’ *51 non-assignability, and the rights of petitioner to enter at any time without notice, and to revoke the permits without notice in the event occupant failed to comply with any term thereof— demonstrates that the agreements were in the nature of licenses (see Greenwood Lake & Port Jervis R.R. Co. v New York & Greenwood Lake R.R. Co., 134 NY 435, 440 [1892] [“A license is a personal, revocable and non-assignable privilege . . . to do one or more acts upon land without possessing any interest therein”]). Contrary to occupant’s contention, the fact that permit fees may have been billed on a monthly basis does not establish the existence of a month-to-month tenancy, as the occupancy was governed by the written permit agreements, which fixed the duration of each permit. The courts look to the issue of how rent is paid in order to determine the term of an occupancy only where there is a periodic tenancy where no definite term has been agreed upon (see e.g. Douglass v Seiferd, 18 Misc 188 [App Term, 1st Dept 1896]; 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 30:43 [4th ed 1998]). Moreover, when the petition is read as a whole, the use of the word “rent” therein cannot be deemed a judicial admission of the existence of a landlord-tenant relationship, as the petition sets forth at length the basis for petitioner’s claim that occupant is a licensee. Consequently, petitioner could properly maintain a summary proceeding pursuant to RPAPL 713 (7).
In any event, even if, as occupant claims, the agreements did in fact establish a landlord-tenant relationship, the proceeding was properly maintainable without the service of a predicate notice (see RPAPL 711 [1]), as the agreements were for a series of fixed terms, and no notice at all is required upon the expiration of an agreement for a fixed term (see Adams v City of Cohoes, 127 NY 175, 182 [1891]; 2 Robert F. Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 30:15 [4th ed 1998]). We note that no permit fees were paid following the expiration of the last permit.
Accordingly, the final judgment is affirmed.
Iannacci, J.P., and Tolbert, J., concur; Maraño, J., taking no part.