130-50 228th, LLC v Moseley (2022 NY Slip Op 51372(U))

[*1]

130-50 228th, LLC v Moseley

2022 NY Slip Op 51372(U) [77 Misc 3d 139(A)]

Decided on December 23, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 23, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, CHEREE A.
BUGGS, JJ

2019-1461 Q C

130-50 228th, LLC,
Petitioner-Respondent,
against
Monica Moseley, Appellant, and Walter Moseley,
Respondent. 

SLG, PC (David Spiegelman of counsel), for appellant.
Augustin D. Tella, for petitioner-respondent (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Queens County
(John S. Lansden, J.), dated June 25, 2019, deemed from a final judgment of that court
entered June 27, 2019 (see CPLR 5512 [a]). The final judgment, upon the decision, after
a nonjury trial, awarded petitioner possession in a summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is
remitted to the Civil Court for the entry of a final judgment dismissing the petition. 
In this RPAPL 713 summary proceeding commenced in 2018, petitioner was
awarded a final judgment of possession after a nonjury trial. It was undisputed that
occupant previously owned the house but transferred ownership to a third party, who
then transferred ownership to another entity, which transferred ownership to petitioner in
2017. However, the petition, which was not amended, alleged both that occupant
"entered into possession without the conscent [sic] and permission of the owner," which
describes a squatter (see RPAPL 713 [3]), and that the "term for which said
Premises were granted [sic] licensed to [occupant] expired January 5, 2018," describing
the revocation of a license (see RPAPL 713 [7]). 
Contrary to occupant's contention, it is not necessarily unreasonable for an RPAPL
713 petition to assert, as alternative grounds for the proceeding, that the respondent is
either a squatter or a licensee (see RPAPL 713 [3], [7]; Kew Gardens Portfolio Holdings,
LLC v Bucheli, 69 Misc 3d 129[A], 2020 NY Slip Op 51137[U] [App Term, 2d
Dept, 2d, 11th & 13th Jud [*2]Dists 2020]; see also Matter of 148 S. Emerson
Partners, LLC v 148 S. Emerson Assoc., LLC, 157 AD3d 889 [2018]; Matter of Kern v Guller, 40
AD3d 1231 [2007]). Here, however, petitioner is not entitled to a final judgment of
possession because it failed to demonstrate at trial that occupant was in possession as
either a squatter (see RPAPL 713 [3]; Goffe v Goffe, 14 Misc 3d 130[A], 2007 NY Slip Op
50048[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]) or a licensee(see
RPAPL 713 [7]; Hok Kwan Chu v Lee, 39 Misc 3d 147[A], 2013 NY Slip
Op 50859[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]
["Petitioners failed to establish that occupants were mere licensees, as there was no proof
at trial that occupants did not have exclusive possession of the apartment"]; see also
Ark Bryant Park Corp. v Bryant Park Restoration Corp., 285 AD2d 143, 150 [2001]
["A license, within the context of real property law, grants the licensee a revocable
non-assignable privilege to do one or more acts upon the land of the licensor, without
granting possession of any interest therein"]). 
We note that the failure to allege in the petition that occupant entered into possession
as the owner or to describe the purported license were fundamental omissions, and the
allegation that occupant entered into possession without permission was a fundamental
misstatement (see RPAPL 741; Jeffco Mgt. Corp. v Local Dev. Corp. of Crown Hgts., 22 Misc
3d 141[A], 2009 NY Slip Op 50455[U] [App Term, 2d Dept, 2d, 11th & 13th
Jud Dists 2009]; see also
Migliaccio v Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). 
Accordingly, the final judgment is reversed and the matter is remitted to the Civil
Court for the entry of a final judgment dismissing the petition. 
ALIOTTA, P.J., and BUGGS, J., concur.
WESTON, J., dissents and votes to affirm the final judgment in the following
memorandum: In this summary proceeding there are no disputes as to the facts. At a
nonjury trial where both parties were represented by counsel, petitioner presented
evidence of ownership of the premises. The undisputed facts also indicated that
respondent no longer possessed ownership of the property, having sold the property in
2017.[FN1]
 This petition was filed under RPAPL 713, pleading, in the alternative, grounds based on
RPAPL 713 (3) and RPAPL 713 (7). Pleadings in the alternative are permissible under
RPAPL 713, as the majority properly recognizes.
However, here the majority is creating an additional burden not contemplated by the
statute, as the majority is denying possession to the owner alleging that the proof was
insufficient to prove licensee or squatter. The Civil Court heard all the evidence and
conformed the pleadings to the proof presented.
The majority suggests that petitioner must prove at trial that respondent is a licensee
or squatter, since respondent was a prior owner.
Respondent was obligated to demonstrate how she acquired a right to possession of
the property. Respondent did nothing at this trial. Indeed, prior to rendering a decision,
the Civil Court inquired of respondent whether she had any proof of her right to
possession of the property, but respondent presented no documentary or testimonial
evidence and rested.
Accordingly, I vote to affirm.
ENTER
Paul Kenny
Chief Clerk
Decision Date: December 23, 2022

Footnotes

Footnote 1: Respondent's attorney
confirms there was a sale of the property.