Li Jen Yao v Steele (2023 NY Slip Op 50788(U))

[*1]

Li Jen Yao v Steele

2023 NY Slip Op 50788(U)

Decided on July 21, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 21, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : LISA S. OTTLEY, J.P., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ

2021-10 K C

Li Jen Yao, Appellant,
against
Lesley Steele, Respondent. 

Brooklyn Legal Services Corporation A (Dan Ostrin of counsel), for appellant.
Greenberg & Kaplan, LLP (James S. Kaplan of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Heela D. Capell, J.), entered December 10, 2020. The order dismissed the petition in a summary proceeding brought pursuant to RPAPL 713 (10).

ORDERED that the order is affirmed, without costs. 
Petitioner commenced this summary proceeding pursuant to RPAPL 713 (10), by order to show cause in lieu of a notice of petition (see CPLR 403 [d]), against respondent, the prime tenant, seeking to be restored to a room in respondent's apartment. After a hearing, at which only petitioner was represented by counsel, the Civil Court dismissed the petition, finding that petitioner did not establish that he was anything more than a licensee and, more specifically, that petitioner did not establish a tenancy. 
In reviewing a determination made after a hearing, this court gives substantial deference to the determination of a trier of fact as to issues of credibility, as a hearing court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
We find that there is a basis in the record for the credibility determinations of the Civil Court, that petitioner was a licensee and not a tenant because, among other things, there was no [*2]meeting of the minds to create a tenancy, only a license for storage privileges (see American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155 [1994]). Since a licensee does not have "possession," he cannot "recover" possession in an RPAPL 713 (10) unlawful entry and detainer proceeding (see Qian "Lily" Zhu v Xiao "Joy" Hong Li, 70 Misc 3d 139[A], 2021 NY Slip Op 50089[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2021]; Padilla v Rodriguez, 61 Misc 3d 133[A], 2018 NY Slip Op 51471[U] [App Term, 1st Dept 2018]; Andrews v Acacia Network, 59 Misc 3d 10 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). 
Accordingly, the order affirmed. 
OTTLEY, J.P., MUNDY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 21, 2023