2601-2609 Bainbridge Ave. LLC v Algernon (2024 NY Slip Op 50253(U))

[*1]

2601-2609 Bainbridge Ave. LLC v Algernon

2024 NY Slip Op 50253(U)

Decided on March 12, 2024

Civil Court Of The City Of New York, Bronx County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2024
Civil Court of the City of New York, Bronx County

2601-2609 Bainbridge Ave. LLC, Petitioner,

against
Phyllis Algernon & "JOHN DOE" & "JANE DOE," Respondents.

Index No. 328718/2023

For Petitioner: Lazarus Karp Ehrlich McCourt LLP Seven Penn Plaza 370 Seventh Avenue, Suite 720
New York, New York 10001
For Respondent:
Mobilization for Justice, Inc. 424 East 147th Street, 3rd Floor
Bronx, NY 10455
By: Alana Murphy, Esq.

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion.
Papers Numbered
Notice of Motion with Affirmation & Affidavit Annexed [With Exhibits 1-8] [NYSCEF Doc. Nos. 12-23] 1
Notice of Cross-Motion with Affirmation, Affidavit and Memorandum of Law Annexed [With Exhibits A-C] [NYSCEF Doc. Nos. 24-30] 2
Affirmation in Reply to Motion and in Opposition to Cross-Motion [With Exhibit A] [NYSCEF Doc. Nos. 31-32] 3
Affirmation in Reply to Cros-Motion [NYSCEF Doc. No. 33] 4
After oral argument on February 21, 2024, and upon the foregoing cited papers, the decision and order on this motion is as follows:
Relevant Facts and Procedural Posture
The petitioner seeks recovery of the subject rent stabilized apartment on the basis that [*2]Phyllis Algernon (respondent) is a licensee of the tenant of record.[FN1]
Respondent's answer asserts, inter alia, that she is a tenant at sufferance, not a licensee.[FN2]

Petitioner now moves for summary judgment. The crux of petitioner's argument is that "respondent cannot claim to be a tenant at sufferance because she fails to demonstrate that she was given the right to exclusively occupy the premises by the landlord and also fails to demonstrate any inaction or delay by the landlord."[FN3]
Petitioner submits that the respondent "acknowledged" in a prior proceeding that she is a licensee.[FN4]

Respondent, for her part, alleges she had exclusive use of a room she rented from the tenant of record.[FN5]
According to the respondent, this arrangement made her a sublessee, not a licensee of the tenant of record, and upon termination of the tenant of record's tenancy, she became a tenant at sufferance.
Respondent cross-moves for leave to file an amended answer, which would clarify the tenancy at sufferance defense and add a defense that the petition fails to adequately describe the subject premises.

 Discussion

A petitioner may commence what is commonly referred to a licensee case pursuant to RPAPL 713(7). RPAPL 713(7)(c) allows a lessor to commence a proceeding against a remaining licensee once the licensor [commonly the tenant of record] is no longer in possession of the property. (see 90 Elizabeth Apt. LLC v Eng, 58 Misc 3d 300, 304 [Civ Ct, New York County 2017]).
One obvious defense to "licensee" cases is that the occupant-respondent is more than a mere licensee. (see Starrett City Inc. v Smith, 25 Misc 3d 42, 44 [App Term, 2nd Dept. 2009]). In any event, it is petitioner's burden to prove its prima facie case, namely that the occupants did not have exclusive possession. (see Hok Kwan Chu v Lee, 39 Misc 3d 147(A), 1 [App Term, 2nd Dept. 2nd, 11th & 13th Jud. Dists. 2013] (Petitioners failed to establish that occupants were mere licensees, as there was no proof at trial that occupants did not have exclusive possession of the apartment.); (Vitarelle v Vitarelle, 21 Misc 3d 130(A), 1 [App Term, 9th & 10th Jud. Dists. 2008]; see also 130-50 228TH, LLC v Moseley, 77 Misc 3d 139(A), 1 [App Term, 2nd Dept, 2nd, 11th & 13th Jud. Dists. 2022]).
Licensee v Tenant at Sufferance
"[A] licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, non-assignable privilege from the owner, without possessing any interest in the property...." (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st [*3]Dept. 1963].) In simpler terms, when an occupant does not have exclusive use, they are a licensee. (see American Jewish Theatre, Inc. V Roundabout Theatre Co., Inc., 203 AD2d 155, 156 [1st Dept. 1994] ("The nature of the transfer of absolute control and possession is what differentiates a lease from a license.")).
A tenancy at sufferance exists when a person who had a possessory interest wrongfully continues in possession of the land after the termination of said interest. "It is essential to the creation of this interest that the party previously have had a possessory interest." (City of New York v Utsey, 185 Misc 2d 715, 717-718 [App Term, 2nd Dept. 2000] [citations omitted]; see also 4720 Avenue, Inc. v Harley House, 81 Misc 3d 139(A), 1 [App Term, 2nd Dept. 9th & 10th Jud. Dists. 2023] (A tenancy at sufferance arises at common law when an occupant continues in possession after a possessory interest terminates and the occupant has no privity to the party entitled to possession.)).
Thus, a lessee who stays behind after a tenant of record's rights are terminated is likely a tenant at sufferance, although they are no longer under a sublease, have no privity with the landlord, and they are holding over wrongfully. (see Mastas v Extra Closet Inc., 146 Misc 2d 698, 699 [Civ Ct, Kings County 1990]).
The distinction is critical because the petition "must state respondent's interest in the premises and respondent's relationship to petitioner." (Barbara Schwimmer 40th Street LLC v Santos, 77 Misc 3d 1231(A), 5 [Civ Ct, Kings County 2022], citing RPAPL 741(2)). Additionally, tenants at sufferance must be served a (30) day termination notice pursuant to RPL 228, while licensees are afforded just (10) days of notice under RPAPL 713.
Summary Judgment Standard
On a motion for summary judgment fact must be viewed in the light most favorable to the non-moving party; the motion must be denied where the moving party fails to demonstrate there are no material issues of fact. (see Scurry v New York City Hous. Auth., 39 NY3d 443, 457 [2023]; Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). Only when the movant submits evidence in admissible form that demonstrates the absence of triable issues does the burden shift to the non-moving party to establish there are material issues of fact requiring a trial. (Bazdaric v Almah Partners, LLC, — NE3d —, 2024 NY Slip Op 00847 [2024], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Here, the petition alleges that respondent is a licensee, and the answer denies that allegation.[FN6]
This denial requires petitioner to prove the nature of respondent's "tenancy" because such proof is part of petitioner's prima facie case. (see Abacus Clinton LLC v Ramos, 65 Misc 3d 132(A), 1[App Term, 1st Dept. 2019] ("...respondent was not required to plead his tenancy status as an affirmative defense in a licensee holdover proceeding, and could have raised the tenancy issue even if his answer was deemed to be a mere general denial.") [internal citations omitted]; Stevens v Northern Lights Assocs., 229 AD2d 1001, 1002 [4th Dept 1996]; see also TJA Realty LLC v Hermosa, 56 Misc 3d 130[A] at *2, [App Term, 2nd Dept. 2017] [as tenant's answer took issue with the petition's allegation that the building is not subject to rent regulation, it was landlord's threshold burden to prove its claim])).
Petitioner's argument that respondent acknowledged she was a licensee in an affidavit submitted in a prior proceeding is without merit. Contrary to petitioner's argument,[FN7]
respondent's statement in the prior proceeding that the tenant of record "left the apartment in October 2020, leaving me behind with nowhere to move"[FN8]
in no way establishes how she came into occupancy, nor does it admit the nature of her occupancy when the tenant of record left. Indeed, the respondent refers to the subject apartment as "my home" and "my apartment" in that same affidavit.
In trying to establish that respondent is a licensee, petitioner attempts a procedural sleight of hand—it aims to place the burden on the respondent to prove that she was more than a licensee. This is improper. Although respondent may prove she is a tenant at sufferance and this may properly be termed an affirmative defense, it remains petitioner's burden to prove the allegations in its pleadings—namely that respondent is a licensee. (see Abacus Clinton LLC v Ramos, 65 Misc 3d 132(A), 1; Barbara Schwimmer 40th Street LLC v Santos, 77 Misc 3d 1231(A), 5 (Petitioner failed to establish that Respondent was a licensee, as there was no proof at trial that Respondent did not have exclusive possession of the premises.)) To this end, petitioner's agent summarily concludes that "the facts demonstrate that respondent is clearly a licensee..."[FN9]
He does so without offering a single fact, relying entirely on respondent's prior affidavit.
Even though respondent admits she only had exclusive use of part of the apartment, petitioner has not established, as a matter of law, that such partial exclusive use renders respondent a licensee.
Clearly there are issues of fact to be determined at trial. It is petitioner's initial burden to establish that the respondent is a mere licensee. If petitioner can do so, then respondent will have to establish her affirmative defense. If she does so, the case must be dismissed as the petition would have misstated the nature of respondent's occupancy and because petitioner would be required to serve a thirty (30) day notice to terminate such a tenancy. (see e.g. Rodriguez v Greco, 31 Misc 3d 136(A), 2 [App Term, 9th & 10th Jud. Dists. 2011]).
As such, petitioner's motion for summary judgment is denied. Petitioner's request to amend the petition to date [to reflect use and occupancy due] is denied with leave to renew at trial. Finally, petitioner's motion for a judgment for use and occupancy is denied for its failure to establish grounds for same under RPAPL 745(2). In any event, it does not appear that any adjournment in this matter has been solely at the respondent's request. (see e.g. 357 Realty Corp. v Franco, 80 Misc 3d 1137 [Civ Ct, New York County 2023]).
Respondent's cross-motion to serve and file an amended answer is granted in part. CPLR 3025(b) provides that leave to amend a pleading shall be freely given upon such terms as may be just. (Norwood v City of New York, 203 AD2d 147, 148-149 [1st Dept 1994]). Amendment can be at any time, especially where there is not significant prejudice to the opposing party. (National Union Fire Ins. Co. v Schwartz, 209 AD2d 289, 290 [1st Dept. 1994]). Petitioner has not stated [*4]prejudice, (see Jacobson v McNeil Consumer & Specialty Pharmaceuticals, 68 AD3d 652, 654-655 [1st Dept. 2009] (prejudice does not occur simply because a party is exposed to greater liability or because a party has to expend additional time preparing its case) [internal citations omitted]), but offers that the amendments are meritless. Respondent's defenses regarding the nature of her occupancy have merit and amendment to clarify such defenses must be allowed under these circumstances.
The fourth affirmative defense [that the premises is improperly identified], however, lacks merit. That respondent may not occupy all rooms in the unit is of no import given her statements that she is the only remaining occupant in the subject apartment.[FN10]
As such, the fourth affirmative defense is stricken from the amended answer, which is deemed served and filed. (see Thomas Crimmins Contracting Co. v New York, 74 NY2d 166, 170 [1989]; Park Union Condominium v 910 Union Street, LLC, 196 AD3d 427, 428 [1st Dept. 2021]).

 Conclusion

Based on the foregoing, petitioner's motion for summary judgment is denied in all respects. Petitioner's use and occupancy motion is denied in all respects. Respondent's cross-motion to amend her answer is granted in part as detailed above.
This matter is hereby referred to Part X for trial assignment.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
Dated: March 12, 2024
Bronx, NY
So Ordered,
SHORAB IBRAHIM, JHC

Footnotes

Footnote 1:see Notice to Quit at NYSCEF Doc. 1, p. 4)

Footnote 2:see Answer at NYSCEF Doc. 9.

Footnote 3:NYSCEF Doc. 13, at par. 20.

Footnote 4:id at par. 30.

Footnote 5:see Algernon affidavit at NYSCEF Doc. 26.

Footnote 6:see petition at NYSCEF Doc. 1, par. 2; original answer at doc. 9 and proposed amended answer at doc. 28. 

Footnote 7:see Attorney Affirmation at NYSCEF Doc. 13, par. 29.

Footnote 8:see NYSCEF Doc. 17.

Footnote 9:see NYSCEF Doc. 14, par. 19.

Footnote 10:see NYSCEF Doc. 26, par. 11.