JS Realty Inv. LLC v Izquierdo (2025 NY Slip Op 50602(U))

[*1]

JS Realty Inv. LLC v Izquierdo

2025 NY Slip Op 50602(U)

Decided on April 22, 2025

Civil Court Of The City Of New York, Queens County

Ibrahim, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 22, 2025
Civil Court of the City of New York, Queens County

JS Realty Investor LLC, Petitioner,

against
Marlon Izquierdo et al., Respondents.

Index No. 309364/2024

For petitioner
Marc Nathaniel Scolnick 
8403 Cuthbert Rd Ste 1B
Kew Gardens, New York 11415-2140 
For Respondent
Michael Kennedy Karlson 
5030 Broadway Ste 813 
New York, New York 10034-1666

Shorab Ibrahim, J.

Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of these motions:
Motion to Dismiss (Seq. 1) [NYSCEF Doc. No. 14], Client Affidavit [Doc. No. 15], Attorney Affirmation [Doc. No. 16], Exhibits in Support [Doc. Nos. 17-24], Memorandum of Law [Doc. No. 25]; Petitioner's Cross-Motion for Summary Judgment [Doc. No. 29], Client Affidavit [Doc. No. 30], Exhibits in Support [Doc. Nos. 31-36], Memorandum of Law [Doc. No. 37]; Respondent's Affidavit in Opposition to Cross-Motion [Doc. No. 39]; Attorney Affirmation in Opposition to Cross-Motion [Doc. No. 40]; Respondent Reply Affidavit in Further Support of Motion to Dismiss [Doc. No. 41], Attorney Reply Affirmation in Further Support of Motion to Dismiss [Doc. No. 42].
After argument on April 16, 2025, and upon the foregoing cited papers, the decision and order on these motions is as follows:
RELEVANT FACTS AND PROCEDURAL POSTURE
As an initial matter, the court notes that these motions were previously held in abeyance pending the outcome of the traverse hearing ordered by the Hon. Clinton Guthrie. (see January 28, 2025 Order at Doc. No. 43). The undersigned held the hearing on March 13, 2025, found service sufficient, and set the matter down for argument on the respondent's motion to dismiss and petitioner's cross-motion for summary judgment. (see Hearing Decision at Doc. No. 46).
The petitioner alleges the respondent is a licensee. As such, a 10-day notice to quit was [*2]purportedly served prior to the petition and notice of petition. (see Doc. No. 3). It is not disputed that the respondent is the former owner the premises. Indeed, respondent claims ownership even now, and alleges efforts to regain title. (see e.g. respondent's affidavit at Doc. No. 41, par. 2). This is one of those situations where settlement is all but impossible as both parties, properly or not, claim ownership. As such, much printer ink is spilled on the pending motions.
Respondent's Motion to Dismiss
The non-personal jurisdiction grounds stated for dismissal are that "no one swears any deed was exhibited to respondent," improper description of the premises sought to be recovered, and alleged illegal multiple dwelling.
Although not specifically denominated, respondent appears to be moving under CPLR § 3211. When considering a motion under CPLR § 3211, the court must afford the pleadings a liberal construction. The court must deem the facts alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). In assessing a motion under CPLR § 3211(a)(7), "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one." (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see also Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]). 
Thus, a motion to dismiss made pursuant to CPLR § 3211(a)(7) will fail if, after giving petitioner the benefit every favorable inference, the complaint states in some recognizable form any cause of action known to our law. (see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38, [2nd Dept. 2006] (quotations omitted); see also Leon v Martinez, 84 NY2d at 87-88; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]). Critically, "[o]n a motion made pursuant to CPLR 3211(a)(7) the burden never shifts to the nonmoving party to rebut a defense asserted by the moving party." (Sokol v Leader, 74 AD3d 1180, 1181 [2nd Dept. 2010] [emphasis added]).
Illegal Multiple Dwelling
Even if it is true that the premises are an illegal multiple dwelling, it is not grounds for dismissal of this proceeding. An owner of an illegal or unregistered multiple dwelling may not collect rent or use and occupancy. (see Malden v Wykoff S.P., LLC, 192 AD3d 1002, 1005 [2nd Dept. 2021]). However, a holdover may proceed even if there is an unregistered multiple dwelling. (see Chan v Adossa, 195 Misc 2d 590, 593-94 [App Term, 2nd Dept. 2003]; Czerwinski v Hayes, 8 Misc 3d 89, 92-93 [App Term, 2nd Dept. 2005]). Consequently, dismissal on this ground is denied.
Misdescription of the Premises Sought to be Recovered
Every petition in a summary proceeding must describe the premises from which removal is sought. (see RPAPL § 741(3)). The description of the premises must be accurate enough to allow the marshal, when executing the warrant of eviction, to locate the premises without additional information. (see US Airways, Inc. v Everything Yogurt Brands, Inc., 18 Misc 3d 136(A), *1 [App Term, 2nd Dept., 2 & 11 Jud. Dists. 2008]; 5670 
Consequently, descriptions that are vague and likely to cause confusion may require dismissal. However, misdescriptions do not deprive the court of jurisdiction, (see 156 Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140(A), 2 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2019]), and are often amendable. (see Najjar v Cooper, 35 Misc 3d 129(A), *1, 2012 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists., 2012]; see also 179 St. Realty LLC v Morales, 83 Misc [*3]3d 1201(A), 2 [Civ Ct, Queens County 2024]).
Respondent points out that paragraph two of the petition describes the premises as, "all rooms of 48-21 91st Street, (First Floor — Middle Room), Elmhurst, NY 11373 ("Premises")." This appears to be the only place in the pleadings, predicate notice and affidavits of service where the words "all rooms" are added. The court notes, however, that even here, only "48-21 91st Street, (First Floor — Middle Room), Elmhurst, NY 11373 ("Premises")" is bolded. (see Doc. No. 1).
As such, a plain reading of the petition, the predicate notice and the affidavits of service make it clear that the premises sought to be recovered is the First Floor—Middle Room. The court notes that in a prior proceeding, respondent, represented by counsel, conceded that he only resides in the middle room on the first floor. (see Doc. No. 33). The respondent does not claim any prejudice by these added words in this one place and this court does not believe a city marshal would be confused by the description. Consequently, dismissal on this ground is denied. 
"No One Swears Any Deed Was Exhibited to Respondent"
Whatever else is stated in the petition, petitioner must live and die with its predicate notice. Predicate notices are unamendable. (see Chinatown Apartments, Inc. v Chu Cho Lam, 51 NY2d 786, 788 [1980]).
The petition makes allegations of possible nuisance conduct, (see petition at Doc. No. 1, par. 9), while the respondent contends this is a post-foreclosure case brought pursuant to RPAPL § 713(5) ["Subject to the rights and obligations set forth in section thirteen hundred five of this chapter, the property has been sold in foreclosure and either the deed delivered pursuant to such sale, or a copy of such deed, certified as provided in the civil practice law and rules, has been exhibited to him.'].[FN1]

However, the notice to quit clearly states that the cause of action is pursuant to RPAPL § 713(7) ["He is a licensee..."] (emphasis added). Although the notice to quit references RPAPL § 713(5), petitioner denies being a foreclosure purchaser. In other words, this is not a RPAPL § 713(5) case.
"RPAPL § 713 (5) allows for a proceeding by the holder of a deed only where that deed was delivered pursuant to a foreclosure sale." (Castle Peak 2012-1 REO, LLC v New York Found. for Senior Citizens, 63 Misc 3d 157(A), 2 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2019]). It follows that only where the case is brought pursuant to RPAPL § 713(5) is a deed required to be "exhibited." (see e.g. Plotch v Dellis, 60 Misc 3d 1, 3 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2018]; Kushnir v Hartman, 61 Misc 3d 131(A) [App Term, 2nd Dept., 9 & 10 Jud. Dists. 2018]). As such, petitioner was not required to exhibit a referee's deed or otherwise to the respondent.
It does appear here that petitioner served a deed with the predicate notice delivered to the respondent. Respondent never denies receipt of the deed attached to the predicate notice. (see Doc. No. 15, pars. 14-16). However, that deed, (see Doc 31), is not a "referee's deed." It is a "special warranty deed," according to the petitioner. (see Notice to Quit at Doc. 1, p. 8 & Doc. 31). Petitioner appears to be the owner pursuant to a special warranty deed obtained at a real estate owned (REO) sale. (see Doc. No. 37, par. 11). A property becomes REO or, in other [*4]words, bank owned, if it does not sell at a foreclosure sale.[FN2]

Consequently, a RPAPL§ 713(5) proceeding was/is unavailable to the petitioner. "RPAPL § 713 (5) allows for a proceeding by the holder of a deed only where that deed was delivered pursuant to a foreclosure sale, which did not occur here." (Castle Peak 2012-1 REO, LLC v New York Found. for Senior Citizens, 63 Misc 3d 157(A) at 2 [emphasis added]; see also Sequioa Partners, LLC v Ali, 67 Misc 3d 133(A), 1 [App Term, 2nd Dept., 9 & 10 Jud. Dists. 2020] ("a purchaser from a purchaser in foreclosure, lacks standing to maintain such a proceeding"); Elliot v Mears, 83 Misc 3d 134(A), 1 [App Term, 2nd Dept., 9 & 10 Jud. Dists. 2024]). Based on the foregoing, dismissal on this ground is denied.
Summary Judgment
On a motion for summary judgment facts must be viewed in the light most favorable to the non-moving party and the motion must be denied where the moving party fails to demonstrate there are no material issues of fact. (see Scurry v New York City Hous. Auth., 39 NY3d 443, 457 [2023]; Vega v Restani Const. Corp., 18 NY3d 499, 503 [2012]). Only when the movant submits evidence in admissible form that demonstrates the absence of triable issues does the burden shift to the non-moving party to establish there are material issues of fact requiring a trial. (see Bazdaric v Almah Partners, LLC, 41 NY3d 310, 316 [2024], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Summary judgment in petitioner's favor is not possible here.
Petitioner brought this "licensee" proceeding pursuant to RPAPL § 713(7). (see notice to quit at Doc. No. 3; see also Sinchi affirmation at Doc. No. 30, par. 10). "[A] licensee is one who enters upon or occupies lands by permission, express or implied, of the owner, or under a personal, revocable, non-assignable privilege from the owner, without possessing any interest in the property...." (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st Dept. 1963].) In simpler terms, when an occupant does not have exclusive use, they are a licensee. (see American Jewish Theatre, Inc. v Roundabout Theatre Co., Inc., 203 AD2d 155, 156 [1st Dept. 1994] ("The nature of the transfer of absolute control and possession is what differentiates a lease from a license.")).At no point [certainly not in the answer] does respondent concede he is a licensee. One obvious defense to "licensee" cases is that the occupant-respondent is more than a licensee. (see 2601-2609 Bainbridge Ave. LLC v Algernon, 82 Misc 3d 1208(A), 2 [Civ Ct, Bronx County 2024]). Here, respondent alleges he is the once, current, and future owner.
As such, it remains petitioner's burden to prove its prima facie case, namely that the respondent is a licensee. (see Hok Kwan Chu v Lee, 39 Misc 3d 147(A), 1 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2013] (Petitioners failed to establish that occupants were mere licensees, as there was no proof at trial that occupants did not have exclusive possession of the apartment.); Vitarelle v Vitarelle, 21 Misc 3d 130(A), 1 [App Term, 2nd Dept., 9 & 10 Jud. Dists. 2008]). The court notes that petitioner does not state in its petition or predicate notice the nature of respondent's alleged license. (see e.g. 130-50 228TH, LLC v Moseley, 77 Misc 3d 139(A), 1 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2022]).
Consequently, summary judgment in petitioner's favor is denied.
The court notes that it is a close call whether to grant respondent summary judgment and dismiss the petition, upon searching the record. (see CPLR 409(b).
In 130-50 228TH, LLC v Moseley, supra, the court held "the failure to allege in the petition that occupant entered into possession as the owner or to describe the purported license were fundamental omissions, and the allegation that occupant entered into possession without permission was a fundamental misstatement." (77 Misc 3d 139(A) at 2 [emphasis added]). Here, the petition likewise does not describe the purported license. However, respondent did not seek summary judgment, the petition appears somewhat less defective than the one in Moseley, and it is arguable whether the nature of respondent's occupancy was an issue subject to the motion(s) filed. (see Cerbone v Lauriano, 170 AD3d 942, 943 [2nd Dept. 2019]). Furthermore, it is unknown whether petitioner will attempt to prove a license was granted to respondent after he lost ownership.[FN3]

CONCLUSION
Based on the foregoing, respondent's motion to dismiss is denied in all respects and petitioner's motion for summary judgment is denied in all respects.
This constitutes the decision and order of the court. It will be posted on NYSCEF.
The matter is hereby referred to Part X for trial assignment.
Dated: April 22, 2025
Queens, New York
SO ORDERED, 
HON. SHORAB IBRAHIM, JHC

Footnotes

Footnote 1:see Doc. No. 16, par. 22

Footnote 2:see https://www.realtor.com/advice/buy/guide-reo-properties/?msockid=38fbb840fecd6fef304aadfdff206e21 [last accessed April 19, 2025]; https://www.zillow.com/learn/what-is-real-estate-owned-reo/?msockid=38fbb840fecd6fef304aadfdff206e21 [last accessed April 19, 2025]).

Footnote 3:Former owners are not usually licensees although petitioners often rely on RPAPL § 713(7). They are more likely tenants at sufferance. A tenancy at sufferance exists when a person who had a possessory interest wrongfully continues in possession after the termination of said interest. "It is essential to the creation of this interest that the party previously have had a possessory interest." (City of New York v Utsey, 185 Misc 2d 715, 717-718 [App Term, 2nd Dept. 2000] [citations omitted]; see also 4720 Avenue, Inc. v Harley House, 81 Misc 3d 139(A), 1 [App Term, 2nd Dept., 9 & 10 Jud. Dists. [2023]; Chass Props., LLC v Cobb, 85 Misc 3d 128(A), 2 [App Term, 2nd Dept., 2, 11 & 13 Jud. Dists. 2025] (30-day notice properly served where respondent-occupant was former proprietary leaseholder)).