Lugg v Fall (2025 NY Slip Op 51576(U))

[*1]

Lugg v Fall

2025 NY Slip Op 51576(U)

Decided on October 7, 2025

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2025
Civil Court of the City of New York, Kings County

Natalie Lugg, Petitioner,

against
Sidy Fall, Respondents.

Index No. 319879/24

Michael L. Weisberg, J.

The following e-filed documents, listed by NYSCEF document number 14 (motion no. 1) were read on this motion to vacate the default judgment.
Holdover summary eviction petitions are not mass-produced cookies, each intended to be identical to the rest. They are meant to allege the facts giving rise to a cause of action in a particular situation. Use of a cookie-cutter approach may save time, but it has pitfalls, as this case illustrates.
The facts are undisputed. Petitioner Natalie Lugg and Respondent Sidy Fall are co-parents and ex-spouses. Natalie is the tenant-of-record of the subject rent-stabilized apartment. Sidy moved in with her 2004. The couple were married in 2006 and had two children. In 2016, they were divorced. They continued to live in the same apartment.
Natalie now desires to evict Sidy from the apartment. However, instead of pleading the actual facts, the petition alleges that Sidy "entered into possession under written rental agreement made on or about December 1, 2021 between respondent and landlord for a month to month term and continued until terminated on June 30, 2023." At argument on Sidy's motion to vacate the default judgment, Natalie conceded that in fact there never was a written rental agreement and that the description of Sidy's relationship to the premises in the petition is not accurate.
Sidy does not appear to have any tenancy rights to the apartment that would defeat a properly pleaded petition. The predicate notice underlying the petition is a 90-day notice of termination. No statute entitles him to a longer notice period. However, the Appellate Term has [*2]repeatedly emphasized the importance of accurate pleading, even if the time allowed under the predicate notice would not change (e.g. 130-50 228th, LLC v Moseley, 77 Misc 3d 139[A], 2022 NY Slip Op 51372[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; Hecsomar Realty Corp. v Camerena, 62 Misc 3d 143[A], 2019 NY Slip Op 50115[U] [App Term, 1st Dept 2019]; Pugliese v Pugliese (51 Misc 3d 140[A], 2016 NY Slip Op 50614[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Rather than trying to shoehorn specific facts into a conclusory category that matches the predicate notice, the takeaway from these cases is that petitioners should plead actual and specific facts.
Here, that would mean pleadings the facts set forth above, rather than boilerplate allegations that Petitioner now admits were completely inaccurate. "A petition which contains fundamental misstatements and omissions is subject to dismissal" (Migliaccio v Childs, 65 Misc 3d 131[A], 2019 NY Slip Op 51575[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]). Natalie obtained a default judgment swearing to facts she now concedes were fundamental misstatements (see CPLR 5015[a][3]). Although dismissal may be appropriate, under the circumstances the court will vacate the default judgment and grant Petitioner leave to replead.
Accordingly, it is ORDERED that the motion is granted in that the default judgment is vacated; and it is further
ORDERED that Petitioner is granted leave to replead by serving an amended petition by October 24, 2025; and it is further
ORDERED that the parties shall appear in Part E/Room 504 on November 25, 2025, at 9:30 AM.
This is the court's decision and order.
Dated: October 7, 2025
Michael L. Weisberg, JHC